# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 23, 2024**
ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JAMES STOVER,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-555**          (JCN: 2019023164)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Stover appeals the November 15, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Division of Highways ("WVDOH") filed a response.[1] Mr. Stover did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which denied authorization for a referral to the Lung Transplant Center at Duke; denied authorization for a lift device; and denied authorization for a non-invasive ventilation, trilogy portable ventilator.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 27, 2020, the Office of Judges issued a decision holding the claim compensable on a non-medical basis, subject to the statutory presumption. Mr. Stover was granted a 15% PPD award for impairment due to occupational pneumoconiosis ("OP"). On November 20, 2020, the claim administrator issued an order granting Mr. Stover an additional 5% PPD award based on the OP Board's findings.[2]

---

[1] Mr. Stover is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. WVDOH is represented by Alysia Kozlowski, Esq.

[2] Mr. Stover protested the claim administrator's order, and it was affirmed by the Board on August 5, 2022. In a memorandum decision dated November 18, 2022, this Court affirmed the Board's order. Mr. Stover has appealed that issue to the Supreme Court of Appeals of West Virginia and that appeal is pending.

The OP Board members testified regarding their findings on February 3, 2021. Jack Kinder, M.D., testified that the physical examination of Mr. Stover revealed diffuse wheezing with bilateral rales in both lung bases and markedly suppressed breath sounds. Dr. Kinder noted that Mr. Stover had a 45-year history of occupational dust exposure, and a 35-year smoking history. The OP Board found that Mr. Stover's pulmonary function studies showed a permanent total pulmonary impairment. However, Dr. Kinder opined that only 20% of the total impairment was due to OP, and the rest was due to smoking induced lung disease.

On April 26, 2021, Mr. Stover was seen by Daniel Doyle, M.D. Dr. Doyle noted that Mr. Stover had been prescribed continuous oxygen, but it had been denied by the claim administrator and he could not afford it on his private insurance, so he was without oxygen. Dr. Doyle found Mr. Stover's breath sounds to be very diminished with faint scattered rales. Dr. Doyle's assessment was severe COPD, occupational exposure to dust, and hypoxemia. Dr. Doyle opined that Mr. Stover needed continuous oxygen.

The OP Board testified in a hearing on June 1, 2022, reaffirming its prior findings. Mr. Stover was seen by Charles Porterfield, D.O., several times between June 9, 2021, and May 1, 2023. Dr. Porterfield assessed COPD, chronic cough, OP, multiple pulmonary nodules, chronic respiratory failure, and shortness of breath. On October 25, 2022, Dr. Porterfield requested that Mr. Stover be referred to the Lung Transplant Center at Duke University, due to his OP, COPD, shortness of breath and pulmonary nodules. The claim administrator issued an order dated February 15, 2023, which denied authorization of the referral to the Lung Transplant Center. Mr. Stover protested this order. On May 1, 2023, Dr. Porterfield requested a non-invasive ventilation, trilogy portable ventilator for day and nighttime use, noting that it may reduce Mr. Stover's need for future hospitalizations.

On June 21, 2023, the claim administrator issued an order denying authorization for a lift device and denying authorization for a non-invasive ventilation, trilogy portable ventilator. Mr. Stover protested this order. On November 15, 2023, the Board affirmed the claim administrator's orders, which denied authorization for a referral to the Lung Transplant Center at Duke; denied authorization for a lift device for Mr. Stover's scooter; and denied authorization for a non-invasive ventilation, trilogy portable ventilator. The Board found that, under West Virginia Code of State Rules § 85-20-18.1 (2006) and § 85-20-18.2 (2006), Mr. Stover does not qualify to have a lung transplant covered by workers' compensation. The Board further found that Mr. Stover failed to establish that the requested medical equipment was medically related and reasonably necessary for the treatment of OP. Mr. Stover now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Stover argues that the Board failed to consider that his OP was a significant contributor to his impairment and that the referral to the Lung Transplant Center at Duke was for the treatment of his compensable OP. Mr. Stover further argues that Dr. Porterfield, as his treating physician, is in the best position to determine the proper treatment for his compensable condition. Finally, Mr. Stover argues that although Dr. Porterfield did not specify that the lift device and non-invasive ventilation, trilogy portable ventilator were for the treatment of the compensable condition, he was aware of the compensable condition in the workers' compensation claim and filed the requests under the claim. We disagree.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006).

Here, the Board determined that Mr. Stover does not meet the requirements to have a lung transplant covered by workers' compensation under West Virginia Code of State Rules § 85-20-18.1 and § 85-20-18.2, because his impairment is partially caused by nonoccupational factors.[3] The Board noted that it found no record of a lift device being officially requested by Mr. Stover, nor did it find any medical evidence indicating a need for the lift device. Thus, the Board found that Mr. Stover failed to establish that a lift device

---

[3] West Virginia Code of State Rules § 85-20-18.1 provides, "[t]ransplants are not generally accepted or reimbursed by the Commission, Insurance Commissioner, private carrier or self-insured employer. . . ." West Virginia Code of State Rules § 85-20-18.2 provides, "[t]ransplants which are needed, in whole or in part, because of an intervening cause, such as . . . smoking, or other tobacco use shall be declined coverage. . . ."

was medically related and reasonably necessary for the treatment of OP. The Board further found that Mr. Stover failed to establish that a non-invasive ventilation, trilogy portable ventilator was medically related and reasonably necessary for the treatment of OP because the device was not requested for the treatment of OP.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Stover does not meet the requirements to have a lung transplant covered by workers' compensation under West Virginia Code of State Rules § 85-20-18.1 and § 85-20-18.2. Further, we find that the Board was not clearly wrong in finding that Mr. Stover failed to establish that a lift device and a non-invasive ventilation, trilogy portable ventilator were medically related and reasonably necessary for the treatment of OP as neither device has been officially requested for the treatment of OP.

Accordingly, we affirm the Board's November 15, 2023, order.

Affirmed.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear